**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BO M JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:22-cv-00977-RWS |
| | ) |
| WARREN COUNTY COURTS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is the application of self-represented plaintiff Bo M Jones to proceed in the district court without prepaying fees or costs. Having reviewed the application and the financial information submitted in support, the Court will grant the motion and will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Furthermore, after reviewing the complaint, the Court will dismiss this case for failure to state a claim upon which relief may be granted.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in the district court without prepaying fees or costs, but no certified prison account statement. In his application, however, he states that he has no money in cash or in any checking or savings account, and he owns nothing of value. Taking this into consideration, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within

-2-

the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Background
### (Jones' Pending Criminal Case in Missouri State Court)

On January 30, 2020 plaintiff was arraigned in the Warren County Circuit Court on one count of first degree assault with serious physical injury or a special victim, a class A felony, and one count of armed criminal action. *See Missouri v. Jones*, No. 19BB-CR00739-01 (Warren Cty. Cir. Ct. filed Jan. 30, 2020). These charges arise out of an incident on September 18, 2019. Plaintiff is represented by Joseph P. Welch, a special public defender.

On February 25, 2020, plaintiff pled not guilty and a jury trial was set for June 2020. On May 4, 2020, however, in response to the COVID-19 pandemic the Missouri Supreme Court entered an administrative order continuing all in-person jury trials. Plaintiff's criminal case was reset for trial in August or September, 2020. Because of the ongoing pandemic, however, the case was later continued to December 14, 2020.

On November 30, 2020, the Warren County Circuit Court stated that it would remain in "operating phase one" until at least December 31, 2020 and all jury trials, including plaintiff's, were suspended until at least March 1, 2021. The court ordered it would "set a new trial date as soon as reasonably possible." This is the last docket entry in plaintiff's criminal case for nearly two years.

On September 16, 2022, plaintiff filed a letter asking the court to dismiss his case for speedy trial violations. On October 6, 2022, plaintiff appeared for a hearing via video conference

from the Warren County Jail. Plaintiff's attorney Joseph Welch did not appear. The court did not rule on plaintiff's motion to dismiss on speedy trial grounds. On a motion by plaintiff, the case was continued to November 10, 2022.

## The Complaint

Plaintiff is a pretrial detainee being held at the Warren County Jail in Warrenton, Missouri. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 against the Warren County Courts in their official capacity. He seeks damages for alleged violations of his speedy trial rights.

Plaintiff filed this action on September 19, 2022, three days after he had filed in the state court a motion to dismiss his criminal proceedings on speedy trial grounds. His speedy trial motion is still pending in the Warren County Circuit Court.

Here, plaintiff states that he filed a motion for a fast and speedy trial on February 25, 2020. He states he has "been in the dark about my legal circumstances, separated from my family for three years without a trial date." Plaintiff alleges the Warren County Courts have ignored all his requests and his rights to due process. For relief plaintiff seeks $50 million in damages for lost wages and emotional damages arising out of his incarceration and his separation from family.

## Discussion

The Court notes that the allegations of plaintiff's complaint are typically brought in a petition for habeas corpus relief under 28 U.S.C. § 2241. A state court criminal defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson*

*v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). Even if the Court allowed plaintiff to amend his complaint to assert habeas claims under 28 U.S.C. § 2241, however, the Court finds his allegations insufficient to state a claim for relief.

The Sixth Amendment provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. In addition, the Missouri Speedy Trial Act provides that "[i]f defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780(1).

The Eighth Circuit has stated that federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Plaintiff has not exhausted his Missouri state court remedies. Review of his state proceedings show that on September 19, 2022, he filed a motion to dismiss for violation his speedy trial request. The state court held a hearing on October 6, 2022 but has not ruled on plaintiff's motion to dismiss. At the October 6 hearing, plaintiff moved to continue the case. It is currently scheduled for review on November 10, 2022.

Additionally, the Court can find no record of plaintiff filing a writ of mandamus, which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court. *See* Mo. Rev. Stat. § 545.780(2). Plaintiff does not establish any "special circumstances" that would allow him to avoid exhausting his state remedies, and alleging a speedy trial violation alone is not enough. *See Dickerson*, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).

To the extent plaintiff is merely seeking monetary damages under § 1983 from this federal court for alleged speedy trial violations in state court, this claim is also subject to dismissal. State courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity. *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987); *see also Harris v. Mo. Ct. of App., W.D.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment").

For these reasons, the Court finds that plaintiff's complaint is frivolous and fails to state viable legal claims. The Court will dismiss the complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2] The Court will not assess an initial partial filing fee at this time.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of October, 2022.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE